UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOELY E. JACKSON,

    Petitioner,

                               CASE NO. 05-CV-74916-DT
v.                            JUDGE ROBERT H. CLELAND
                              MAGISTRATE JUDGE PAUL KOMIVES

GERALD HOFBAUER,[1]

    Respondent,
                               /

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion to dismiss the petition.

II.    REPORT:

A.    *Procedural Background*

Petitioner Joely E. Jackson is a state prisoner confined at the Marquette Branch Prison in Marquette, Michigan. Petitioner is incarcerated pursuant to his 1991 convictions for assault with intent to commit murder and possession of a firearm during the commission of a felony. The record reveals the following time-line of events:

- Petitioner was convicted of assault with intent to commit murder and possession of a firearm during the commission of a felony following his bench trial in the Detroit Recorder's Court.

- On October 25, 1991, petitioner was sentenced to a term of 20-40 years' imprisonment on the assault conviction, and to a mandatory consecutive term of two

---

[1]By Order entered this date, Gerald Hofbauer has been substituted for Cindi Curtin as the proper respondent in this action.

years' imprisonment on the felony-firearm conviction.

- Petitioner appealed as of right to the Michigan Court of Appeals, raising two claims: (1) ineffective assistance of counsel; and (2) improper sentencing. On August 31, 1995, the Michigan Court of Appeals affirmed petitioner's convictions in a summary order. *See People v. Jackson*, No. 149754 (Mich. Ct. App. Aug. 31, 2005).

- Petitioner sought leave to appeal in the Michigan Supreme Court. On June 28, 1996, the Supreme Court denied leave to appeal in a standard order. *See People v. Jackson*, 452 Mich. 863, 550 N.W.2d 792 (1996).

- Sometime in early 2003, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on February 13, 2003.

- Petitioner sought leave to appeal in the Michigan Court of Appeals, which denied leave to appeal in a standard order on May 26, 2004. *See People v. Jackson*, No. 254195 (Mich. Ct. App. May 26, 2004).

- Petitioner sought leave to appeal in the Michigan Supreme Court, which denied leave to appeal in a standard order on December 29, 2004. *See People v. Jackson*, 471 Mich. 955, 690 N.W.2d 110 (2004).

- Petitioner filed the instant application for the writ of habeas corpus on December 8, 2005.[2] As grounds for the writ, he raises seven claims: ineffective assistance of trial counsel; denial of confrontation and due process by the prosecutor's failure to endorse res gestae witnesses; insufficient findings of fact to support the trial court's verdict; insufficient evidence; denial of privilege against self-incrimination; and ineffective assistance of appellate counsel.

On Jule 20, 2006, respondent filed a motion for summary judgment seeking dismissal of petitioner's habeas application. Respondent contends that petitioner's application is barred by the one year statute of limitations governing habeas petitions. *See* 28 U.S.C. § 2244(d). Petitioner filed

---

[2]Although petitioner's application is file-stamped December 29, 2005, it was dated by petitioner on December 8, 2005. It is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on December 8, 2005.

a response to the motion on August 31, 2006. Petitioner argues that he is entitled to review of his claims because the grounds for relief were newly discovered. Petitioner also argues that he needed assistance in identifying his legal claims and thus suggests, although he does not explicitly argue, that he is entitled to equitable tolling. For the reasons that follow, the Court should grant respondent's motion and dismiss the petition.

B.     *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

---

[3]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. In the usual case, an application is governed by the starting provision in subparagraph (A), under which the limitation period commences upon the conclusion of direct review. Petitioner also argues that the factual predicate for his claims could not have been discovered until well after the conclusion of direct review, and thus suggests, although he does not explicitly argue, that subparagraph (D) governs the timeliness of his petition. In either event, the Court should conclude that the petition is untimely.

1.  *Timeliness under § 2244(d)(1)(A)*

Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*,

---

§ 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, at the direct review stage the Michigan Supreme Court denied petitioner's application for leave to appeal on June 28, 1996. His conviction became final 90 days later, or on September 28, 1996, when the time in which he could have filed a petition for *certiorari* in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); *Spencer v. White*, 265 F. Supp. 2d 813, 816 (E.D. Mich. 2003) (Gadola, J.); SUP. CT. R. 13.1. Thus, the limitations period commenced on September 28, 1996, and expired one year later on September 28, 1997, absent any tolling or delayed commencement of the limitations period.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, petitioner's motion for relief from judgment was filed in early 2003.[4] By this time, however, the limitations period had already expired for more than five years. The tolling provision of paragraph (d)(2) stops the limitations period from running; it does not, however, reset the limitations clock. *See McMurray v. Scutt*, 136 Fed. Appx. 815, 817 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Because the limitations period had already expired, petitioner's motion for relief from judgment did not toll the limitations period. *See McMurray*, 136 Fed. Appx. at 817; *Vroman*, 346 F.3d at 602. Thus, petitioner's habeas application is untimely under § 2244(d)(1)(A).

---

[4] It is not entirely clear from the state court docket sheet when this motion was filed, although it is clear that it was at some time in January 2003. Because it does not affect the result, I will assume that the motion was filed on January 1, 2003, the earliest possible date.

2.      *Timeliness under § 2244(d)(1)(D)*

Petitioner argues that the factual predicate for his claims could not have been discovered earlier. Specifically, petitioner's argument relates to Claims II and III of his petition, in which he argues that the prosecution failed to endorse two res gestae witnesses, and failed to call any medical personnel who treated the victim. Petitioner argues that these failures denied him the right to confront his accusers, and constituted a withholding of exculpatory evidence in violation of his right to due process of law. The Court should conclude that petitioner's application is untimely under subparagraph (D).

Before addressing the merits of petitioner's argument, it is important to note that, even if petitioner's argument is correct, it would not render his entire petition timely, but only those claims relating to the allegedly newly discovered evidence. In *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003), the Eleventh Circuit held that the timeliness of a habeas petition under § 2244(d) is governed on a per application basis; that is, there is one starting date which governs the entire petition. However, the Third Circuit rejected this approach in a better reasoned opinion. In *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004), the court explained that although § 2244(d)(1) speaks generally of a one-year limitations period applying to an "application," the more specific language of § 2244(d)(1)(D) speaks of the date on which the factual predicate of the individual "claim or claims" could have been discovered. Based on this language, the court concluded that the plain language of the statute dictated a claim-by-claim approach once the general direct review provision of § 2244(d)(1)(A) is no longer applicable. *See Fielder*, 379 F.3d at 117-18. The Court also explained that two other considerations counseled this result. First, statutes of limitations in general are applied to each cause of action separately, even if raised in the same complaint and stemming from

the same nucleus of facts, and there is no indication that Congress intended to depart from this general rule in enacting § 2244(d). *See Fielder*, 379 F.3d at 118-19. Second, any other rule would lead to an absurd result, allowing claims which are clearly stale and time-barred to be bootstrapped into a timely petition asserting one single claim which may be timely under subparagraph (B), (C), or (D). *See Fielder*, 379 F.3d at 120. Other district courts have found *Fielder* to be more persuasive, and have adopted the Third Circuit's approach. *See Khan v. United States*, 414 F. Supp. 2d 210, 216 (E.D.N.Y. 2006); *Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005).

In addition to being the better reasoned decision, the approach of *Fielder* is buttressed by dicta in the Supreme Court's decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). In *Pace*, the Court considered what constitutes a "properly filed" application for state post-conviction relieve under § 2244(d)(2). In the context of that discussion, the Court noted the structure of § 2244(d)(1), explaining:

> [Section] 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), *but three others that require claim-by-claim consideration*, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace*, 544 U.S. at 416 n.6 (emphasis added). In light of this language, and the persuasive reasoning of the Third Circuit in *Fielder*, the Court should conclude that § 2244(d)(1)(D) is applied on a claim-by-claim basis. Thus, even if the allegedly newly discovered evidence with respect to the res gestae and medical witnesses delays the starting of the limitations period, it does so only with respect to the claims which are based on these witnesses.

With respect to the timeliness issue, the Court should conclude that petitioner's application is untimely notwithstanding § 2244(d)(1)(D). This provision requires a court "to review the 'factual

predicate' of petitioner's claims and determine whether they could have been discovered prior to when his conviction became final." *Sierra v. Evans*, No. 98-6040, 1998 WL 712578, at *2 (10th Cir. Oct. 13, 1998). Further, this provision "does not postpone the accrual of limitations based on a *pro se* litigant's or an attorney's belated discovery or realization of the legal consequences of known facts. Rather, postponed accrual is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp. 2d 629, 630 (D. Md. 1999). In short, the operative inquiry is whether the facts themselves, rather than the legal import of or evidence supporting them, could not have been discovered through the exercise of reasonable diligence. *See United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (Gadola, J.); *Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000).

As one court has observed, "[t]his provision . . . runs from the date a petitioner [or movant] is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." *Youngblood v. Greiner*, No. 97 Civ. 3289(DLC), 1998 WL 720681, at *4 n.4 (S.D.N.Y. Oct. 13, 1998). And, as the Fifth Circuit has explained, "[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); *accord Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001).

With respect to petitioner's claims relating to the absence of medical witnesses testifying to the victim's injuries, the claims are not based on any newly discovered evidence. Petitioner does

not argue that there is newly discovered medical evidence casting doubt on the victim's testimony; rather, he argues only that he was denied his constitutional rights by the prosecutor's failure to present any medical testimony at trial. However, the fact that no medical evidence was presented at trial was well known to petitioner at the time of his trial, and thus there is no basis for invoking § 2244(d)(1)(D) to delay the commencement of the limitations period. *See Owens v. Boyd*, 235 F.3d 356, 359-60 (7th Cir. 2001).

With respect to the missing res gestae witnesses, petitioner contends that two witnesses, Christopher Know and Eric Pritchet Sr., provided him with affidavits averring that they witnessed the incident giving rise to petitioner's convictions and could provide evidence which contradicted the prosecutor's evidence. *See* Pet., at XV. Petitioner has not provided copies of the affidavits because his copies have been lost, and no copies exist in the state court records submitted by respondent. More importantly, petitioner has not provided to the Court the date on which these witnesses became known to him or on which they gave him their affidavits. This date is crucial, because the one year limitations period would commence on this date. Because petitioner bears the initial burden of at least pleading the date on which he discovered the factual predicate of his claim, *see Barrett v. Patrick*, No. 05-370J, 2006 WL 2077019, at *4 (W.D. Pa. July 24, 2006), this failure alone would justify a rejection of petitioner's argument.

However, the Court need not rely on this basis to reject petitioner's timeliness argument, because the record does provide enough information to determine the latest possible starting date under § 2244(d)(1)(D). At the hearing on petitioner's motion for relief from judgment, the prosecutor noted, without any objection or correction, that the two witnesses identified by petitioner "didn't even come forward until . . . *almost ten years after the trial* in this particular case occurred."

Mot. Hr'g Tr., dated 2/13/03, at 20 (emphasis added). Even giving petitioner the benefit of all doubt and assuming that the witnesses came forward a full ten years after petitioner's sentencing date of October 25, 1991, this means that the witnesses came forward no later than October 25, 2001. Applying § 2244(d)(1)(B), the limitations period commenced on this date, and expired on October 25, 2002, absent any tolling. Petitioner's motion for relief from judgment was not filed until several months later, in January 2003, and thus could not have tolled the already expired limitations period. Thus, even applying § 2244(d)(1)(D) to petitioner's missing res gestae witness claims, his application is still untimely. Accordingly, the Court should conclude that petitioner's claims are barred by the statute of limitations.

C.      *Equitable Tolling*

The Sixth Circuit has held that the habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1004, 1007 (6th Cir. 2001). Nevertheless, "equitable tolling [should] be applied sparingly[.]" *Id.* at 1008. In determining whether equitable tolling is appropriate, the Court must consider "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* Petitioner bears the burden of demonstrating his entitlement to equitable tolling.

Although petitioner does not explicitly argue that he is entitled to equitable tolling, he does make a tolling-type argument, suggesting that he could not have filed his petition earlier because he lacked sufficient knowledge of the law to proceed with his claims. To the extent that petitioner is

attempting to assert an equitable tolling argument on this basis, the argument is without merit. It is well established that a petitioner's *pro se* status and lack of knowledge of the law do not provide any bases for equitable tolling of the limitations period. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.). Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling of the limitations period.

D.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to dismiss the petition.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                      s/Paul J. Komives  
                                      PAUL J. KOMIVES  
                                      UNITED STATES MAGISTRATE JUDGE

Dated: 12/12/06

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 12, 2006.

                          s/Eddrey Butts  
                          Case Manager