UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOELY E. JACKSON,

    Petitioner,                                              Case No. 05-CV-74916-DT

v.

GERALD HOFBAUER,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S "MOTION FOR EXTENSION OF TIME," DENYING THE PETITIONER'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FULL AND DENYING THE "PETITION FOR WRIT OF HABEAS CORPUS"**

Pending before the court is Petitioner Joely E. Jackson's "Petition for Writ of Habeas Corpus," which was filed on December 29, 2005 pursuant to 28 U.S.C. § 2244. The petition was referred for pretrial matters to Magistrate Judge Paul J. Komives, who filed a Report and Recommendation ("R&R") on December 12, 2006 concluding that this court should grant respondent's motion to dismiss and dismiss the petition as untimely. In the "Motion for Extension of Time," filed on January 8, 2007, Petitioner requested additional time to object to the R&R. Petitioner subsequently filed his objections on January 16, 2007. The court will grant Petitioner's request for an extension, consider his objections and, for the reasons stated below, adopt the R&R in full and dismiss the petition.

### I.  MOTION FOR EXTENSION OF TIME

Petitioner states that he did not receive the December 12, 2006 R&R until

1

December 22, 2006.  (Pet.'s Mot. at ¶ 3.)  Though his motion was not filed with the court until January 8, 2007, the signature page of the motion indicates a date of December 27, 2006.  Those seeking review of an R&R must file specific objections within ten days of service of a copy.  28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2).  Petitioner further avers that his access to the prison law library is limited, as is the assistance he can request from prison paralegals.  (Pet.'s Mot. at ¶¶ 5-6.)    Accepting these statements as true, and in light of the fact that Petitioner in short order filed his objections with the court on January 16, 2007 (with a signature date of January 9, 2007), the court finds that under the circumstances a brief extension is appropriate.  The court will therefore grant Petitioner's motion and turn to the merits of his objections.

## II.  PETITION FOR HABEAS CORPUS

### A.  Standard

Failure to file specific objections to the R&R constitutes a waiver of any further right to appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to the R&R.  *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### B.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to provide for a one-year statute of limitations for habeas petitions.  The statute lists a number of triggering events for the period of limitations, the latest of which

would apply to the corresponding claim in the habeas petition. 28 U.S.C. § 2244(d). In this case, because Petitioner filed his petition well after the conclusion of his trial and appellate proceedings, the applicable triggering event is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Specifically, the factual predicate at issue is when Petitioner could have discovered through due diligence that two *res gestae* witnesses were allegedly not identified for trial by the prosecution. For purposes of the period of limitation, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted . . . ." 28 U.S.C. § 2244(d)(2).

### C. DISCUSSION

#### 1. Objection #1

Petitioner's first objection merely states a general opposition to the conclusion of the R&R. *See Howard*, 932 F.2d 505. The objection does not specifically address the dispositive statute of limitations issue. The court will therefore not accept the objection.

#### 2. Objection #2

Petitioner objects to the statement in the R&R that Petitioner did not file his motion for relief from judgment in state court until sometime in early 2003. (Pet.'s Obj. at 2.) In support of his position, Petitioner attaches a portion of a printout from the docket of the state court indicating that a motion for relief from judgment was filed on July 18, 2002. (*Id.* at Ex. A.) The motion was denied on February 13, 2003, (*id.*), which the magistrate judge may have confused with the date of the filing of the motion.

In any event, Petitioner's second objection fails to state what significance the earlier filing of the motion would have for purposes of his current habeas petition. There is no argument stating that, in light of this purportedly corrected procedural history, the magistrate judge erred in his recommended application of the one-year statute of limitations. As such, Objection #2 fails to address the merits of the R&R.

### 3.  Objection #3

Petitioner's third objection is also unresponsive. It addresses case law concerning procedural default and federalism in general in the context of habeas corpus review. Again, nothing Petitioner argues about procedural bars is applicable to the statute of limitations issue.

### 4.  Objection #4

Petitioner's lengthy fourth objection mentions timeliness but also fails to address the merits of the timeliness analysis of the R&R. This objection fails to address the critical point of analysis in the R&R: when after trial Petitioner became aware of allegedly missing *res gestae* witnesses. Petitioner's failure to address this point is a failure to object to the key reasoning of the R&R.

### 5.  Objection #5

Objection #5 also mentions timeliness and challenges the R&R for finding unspecified other issues as time barred "without giving light to the fact that the State Court ruled and issued opinions on the merits of them [the other issues], thus forfeiting the procedural bar and allowing Petitioner the ability to have these issues appropriately reviewed on Federal Habeas Review by this court." (Pet.'s Obj. at 8.) Petitioner then

discusses his claim of insufficient evidence. (*Id.*) The court is again at a loss to understand what relevance any of this objection has to the essential analysis of the R&R.

### 6. Objection #6

This objection does reach the merits of the timeliness analysis of the R&R and picks up where Objection #2 abruptly ended. Specifically, Petitioner seizes on the date of October 25, 2001 as the latest possible date that he could have been made aware of the allegedly missing *res gestae* witnesses. The magistrate judge based this date on an unrebutted statement by the prosecutor at the hearing for petitioner's motion for relief from judgment. The two witnesses, according to the prosecutor, "'didn't even come forward until . . . *almost ten years after the trial* in this particular case occurred.'" (R&R at 9-10 (quoting 2/13/03 Tr. at 20 (emphasis added)).) The magistrate judge reasoned that, giving Petitioner "the benefit of all doubt," (*id.* at 10), and assuming a full ten years past the sentencing date of October 25, 1991, Petitioner would have known of these witnesses by October 25, 2001, (*id.*). Applying the one-year period of limitations, the magistrate judge concluded that Petitioner therefore had until October 25, 2002 to move for a new trial and preserve his rights to seek federal habeas review upon exhaustion of state remedies. (*Id.*) Petitioner now claims that he filed his motion for a new trial on July 18, 2002, within the one-year period of limitations based on the magistrate judge's proposed date of discovery of the new *res gestae* witnesses. (Pet.'s Obj. at 10, Ex. A.)

The objection has some appeal on its face, but it is ultimately unavailing. The record finds no support for the magistrate judge's best-case-scenario date of witness discovery. Indeed, the prosecutor's statement on its surface admits to *almost* ten years

5

after trial. Almost is fewer than a full ten years. The difference could easily account for the few months separating when Petitioner filed his post-judgment motion and when the magistrate judge assumed that he did. Further, it is equally plausible to conclude that, by "after trial," the prosecutor meant the close of the government or of Petitioner's case-in-chief, which would be several months before his final sentencing hearing. Under either scenario, the tolling of the statute of limitations would have begun several months earlier than the date settled upon in the R&R. Finally, the affidavits of the very witnesses Petitioner identifies as wrongly excluded at his trial are not before the court. Petitioner avers that these affidavits were "lost" and that the trial court failed to respond to his request for copies of these documents. (Part 2 of Petition at 17.) In the absence of these affidavits, the court cannot simply assume that Petitioner's favored timeline is in fact accurate. Under the circumstances, the court is not persuaded that the five-month difference should alter the magistrate judge's conclusion. Petitioner has failed to present evidence showing that he sought relief within one year of discovering the allegedly missing *res gestae* witnesses. The magistrate judge therefore did not err in his conclusion that the statute of limitations bars the petition.

### 7. Objection #7

This objection purports to challenge the magistrate judge's conclusion that, even if Petitioner's timeliness argument were accepted, only a portion of the petition would remain. Petitioner goes on to discuss prosecutorial misconduct for failing to disclose the identity of all *res gestae* witnesses and, again, fails to address the merits of the objection he is purportedly raising. The court therefore finds this objection unpersuasive.

### 8. Objection #8

While Petitioner repeats his objection to the magistrate judge's timeliness analysis, the sum and substance of the ensuing discussion regards whether Petitioner is procedurally barred from asserting ineffective assistance of counsel at both the trial and appellate levels. Petitioner recites allegations of missing witnesses, denial of access to the prosecutor's files, failure of his appellate counsel to "read or master the transcripts of Petitioner's trial," (*id.* at 14), and other claimed errors that do not directly address the issue of timeliness. As such, Objection #8 fails to state a specific objection to the R&R and requires no further discussion.

### 9. Objection #9

Petitioner's final objection also states a litany of errors that do not bear directly upon the ground the magistrate judge recommends for granting respondent's motion to dismiss: timeliness of the petition. For the reasons stated above, the court will not entertain this non-germane objection.

### III. CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Extension of Time" [Dkt. #27] is GRANTED and his "Objections to Magistrate Judge's Report and Recommendations" [Dkt # 28] are DENIED.

IT IS FURTHER ORDERED that the "Report and Recommendation" [Dkt #26] is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Respondent's "Motion to Dismiss . . ." [Dkt #6] is GRANTED and that the "Petition for Writ of Habeas Corpus" [Dkt #1] is DENIED.

           S/Robert H. Cleland
           ROBERT H. CLELAND
           UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2007, by electronic and/or ordinary mail.

           S/Lisa Wagner
           Case Manager and Deputy Clerk
           (313) 234-5522